*E. F. Yarborough for appellant.*
*Thomas A. Banks and Charles P. Green for appellee.*

PER CURIAM. The evidence in this case is not sufficient to sustain the master-servant relationship between the defendant and the alleged agent, Mary Helen Harrison, so as to render the defendant liable under the doctrine of *respondeat superior*. Moreover, the plaintiff does not allege in her complaint that the defendant's automobile at the time of the accident, was being operated for the benefit of the owner, or that the alleged agent was about her employer's business at the time of and in respect to the very transaction out of which the injury arose. G.S. 20-71.1; *Parker v. Underwood*, 239 N.C. 308, 79 S.E. 2d 765. Furthermore, the evidence is not sufficient to warrant its submission to the jury on the allegation to the effect that the defendant loaned his car to Mary Helen Harrison knowing her to be an inexperienced driver. We are inclined to the view, in light of the evidence on this record, that this was one of those unfortunate accidents which was not proximately caused by the negligence of the driver of the defendant's automobile.

We think the ruling on the motion for judgment as of nonsuit was proper and must be sustained.

Affirmed.

---

NETTIE C. WRENN AND ESTATES ADMINISTRATION, INC., ADMINISTRATOR OF THE ESTATE OF LAWRENCE B. WRENN, DECEASED, v. SOUTHERN RAILWAY COMPANY, L. L. LEFLER AND ALBERT O. GRIFFIN.

(Filed 2 November, 1955.)

APPEAL by plaintiffs from *Sharp, Special Judge,* April Term, 1955, of FORSYTH.

This is a civil action to recover damages for the alleged wrongful death of the plaintiffs' intestate, Lawrence B. Wrenn, who was killed on 9 February, 1954, in an automobile-train collision at a crossing near Colfax, North Carolina.

Mr. Wrenn lived near Colfax, 220 feet south of the defendant's railroad. An unpaved road leads from his house northwardly across the tracks to the main highway. On the morning of the accident, Mr. Albert O. Griffin, who lives in Winston-Salem, stopped by Mr. Wrenn's home, as he had been requested to do, for the purpose of giving him a ride to Greensboro. Both men worked for the same company.

According to the plaintiffs' evidence, Mr. Griffin drove his car at a slow rate of speed, approximately ten miles per hour, to within eight feet

of the defendant's railroad crossing, and stopped. That there was a steep incline or grade on each side of the tracks; that the roadway between the tracks was several inches lower than the top of the rails; that before going up the incline, he looked and saw no train coming from the east; that his automobile proceeded up the incline and the front wheels crossed the south rail; that the automobile became stuck on account of the steepness of the grade and the defective condition of the crossing, and the motor died. That there was some growth on the railway's right of way which obstructed the view eastwardly from the crossing. Mr. Griffin attempted to start the automobile several times and it moved back and forth as he was attempting to get it started and extricate it, himself and Mr. Wrenn from the tracks. The automobile crossed the tracks and the train hit the extreme right-hand rear of the car and killed Mr. Wrenn.

According to the defendant's evidence, the Griffin car proceeded slowly across its tracks and never stopped at the crossing. The defendant's fireman testified that he saw the Griffin car from the time it left Wrenn's driveway until it disappeared as it crossed in front of the train; that when he first saw this car the train was approximately 800 feet east of the crossing; that he requested the engineer to blow the whistle which was done and when he saw the car was not going to stop, the emergency brakes were applied when the train was from 100 to 150 feet east of the crossing. The train was stopped, blocking the crossing, with its engine from 75 to 100 feet west of the crossing. The train was on time and consisted of five passenger cars and the locomotive. The defendant offered evidence tending to show that at any point within 95 feet south of the crossing an approaching train from the east could be seen for a distance of approximately 1,000 feet.

The usual issues of negligence, contributory negligence and damages were submitted. The jury answered the issues of negligence and contributory negligence in the affirmative.

From the judgment entered on the verdict, the plaintiffs appeal, assigning error.

*Ratcliff, Vaughn, Hudson, Ferrell & Carter and R. M. Stockton, Jr., for plaintiff appellants.*

*W. T. Joyner and Womble, Carlyle, Sandridge & Rice for defendant appellee.*

PER CURIAM. We have examined the appellants' exceptions and assignments of error and in our opinion they present no error sufficiently prejudicial to warrant a new trial.

No error.